[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff failed to appear but was represented by counsel. The defendant appeared with her counsel. All statutory stays having expired, the court has jurisdiction. The defendant proceeded on her cross complaint.
Having heard the evidence, the court finds as follows:
The plaintiff and the defendant, whose maiden name was Pelletier, intermarried at Gulf Port, Mississippi on September 18, 1993, that the defendant has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor children issue of the marriage, Tyler Voels, born September 28, 1995 and Taylor Voels, born September 8, 1998; that there were no other minor children born to the defendant since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation and that no state agency is presently contributing to the care or welfare of the parties or their children. CT Page 9132
The defendant admitted that both parties were somewhat responsible for the breakdown of the marriage but that the breakdown occurred after the plaintiff left for his duty station in California while she stayed in Connecticut for health reasons; that although the plaintiff, who was in the U.S. Navy, had been assigned to California, he could have remained in Connecticut with the defendant by claiming a hardship deferment but did not; that when their daughter Taylor was born he did not send anything to her and that he told the defendant just prior to having divorce papers served on her in October 1999 that he had a girlfriend.
The plaintiff, who was on vacation visiting family in South Dakota, chose not to appear at the trial of this matter but was represented by counsel.
Based on the above it is clear that the marriage has broken down irretrievably without any hope for reconciliation. I find the plaintiff more at fault for the breakdown than the defendant.
The plaintiff who was born June 25, 1964 has been in the Navy since 1984. He receives about $939.00 per week. After the divorce is final, his income may drop about $125.00 per week.
The defendant, who was born September 2, 1965 has health problems. She suffered two miscarriages and underwent three surgeries, two for cervical cancer and one for a melanoma.
At the time of her marriage the defendant had been in the Navy for eight years. She and plaintiff agreed that she would leave the Navy after her marriage and be a wife and mother.
After her marriage the defendant eventually became employed at the Mohegan Sun Casino as a beverage server. She works five days a week between 9:45 p.m. and 4:15 a.m. She claims her base pay is $92.38 per week but makes an average of about $250.00 per week in tips. Defendant testified that the shift she works is the least lucrative for tips but it serves her needs as her children are in bed while she works.
As a result of her employment the defendant incurs daycare expenses for her minor children. Presently her mother-in-law resides with her and babysits for the children. However, defendant still pays daycare expenses of $192.00 per month to the Coast Guard. Since her mother-in-law will soon be moving, defendant anticipates that her daycare expenses will be $198.00 per week.
The minor child, Tyler, is undergoing Mental Health Therapy at the Laura Palmer Child Guidance Clinic in New London. He also takes karate CT Page 9133 and goes to modeling school. The daughter, Taylor, attends preschool.
The plaintiff has not seen the children during the last six months. He has only seen them 35 days in the last three years and did not come to see them during his present leave from the Navy.
The parties have limited assets. They own a Cypress Pointe Time Share which is valued at $8,185.00. The plaintiff last used it in October 1998. The defendant last used it in January 1999. The remaining assets of the parties will be set forth in the orders hereinafter stated.
After considering Connecticut General Statutes §§ 46b-61, 62, 81, 82 and 84, and in light of the evidence and my findings, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is ordered that:
1. The defendant is awarded sole custody of the minor children with reasonable rights of visitation to the plaintiff These shall include alternating weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m., as long as he has adequate housing for the children, and any other times the parties mutually agree. Further plaintiff may have the children five weeks during the summer and alternating holidays but all visitation shall be within the State of Connecticut. He will also bring the children to any of their scheduled activities during his periods of visitation. The plaintiff shall not remove the children from Connecticut without written permission from the defendant.
2. The plaintiff shall pay to the defendant the sum of $223.00 per week as support for said minor children plus daycare expenses of $152.00 per week. Further, whenever the defendant is hospitalized or recuperating from any medical procedure the plaintiff will pay for all daycare costs for said minor children.
3. The plaintiff shall pay to the defendant alimony in the sum of $50.00 per week for five years, non-modifiable as to term only. Said alimony shall sooner terminate upon the death of the plaintiff, her remarriage or cohabitation pursuant to the Connecticut General Statute § 46b-86 (b), in which event said alimony may be modified in accordance with said statute.
4. The plaintiff shall claim Tyler and the defendant Taylor as an exemption for federal and estate tax purposes until the oldest child reaches 19. Thereafter, the parties shall alternate taking the remaining child as an exemption for tax purposes with the plaintiff getting the odd numbered years and the defendant the even numbered years. CT Page 9134
5. The plaintiff shall transfer to the defendant all of his interest in the Cypress Pointe timeshare in Kissimmee, Florida. The defendant agrees to pay all expenses of ownership.
6. The defendant shall keep free of any claims by the defendant, her 401k account, the $4,900.00 she withdrew from their joint bank account and funds received by cashing plaintiffs insurance policy.
7. The defendant shall transfer to the plaintiff 1/3 of his Navy pension by proper and required documents. The defendant shall be named as survivor beneficiary of said pension.
8. The parties shall provide medical insurance coverage for their minor children as is available through their employment. If none is available, the parties shall provide such insurance with the defendant paying 40% of the premium and the plaintiff paying 60%. All unreimbursed expenses shall be paid equally by the parties.
9. Each party shall keep their own bank accounts.
10. The defendant shall own the 1993 Jeep and the plaintiff shall own the 1988 Buick. Said ownership shall be free of any claims by the other.
11. Each party shall keep any life insurance policies on their life free of any claim from the other except that the plaintiff shall name the defendant as beneficiary of his policy as long as he has any obligation to her for alimony and or support.
12. The plaintiff will pay to the defendant $93.00 for his share of unreimbursed medical expenses within 30 days.
13. The joint debts of approximately $8,000.00 is divided equally among the parties.
14. The plaintiff shall pay to the defendant within 90 days $2,000.00 towards her attorney fees.
JTR Vasington